UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO: 3:20-CV-00274-MOC-DSC

| | |
|---|---|
| HOLSTON MEDICAL GROUP, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| DAVID MARTIN COOK, M.D., et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motions for Remand to State Court and for Recovery of Fees and Expenses, including attorney's fees, that were incurred from these proceedings. See Doc. No. 7. Defendants consent to remand but oppose the award of fees and expenses. As discussed below, on the facts of this case, it was objectively unreasonable for Defendants to remove this case to federal court. Therefore, both of Plaintiff's motions are granted.

On March 31, 2020, Plaintiff commenced this lawsuit by filing a complaint against Defendants in the Superior Court for Mecklenburg County, North Carolina. See Doc. No. 1-1 at 2. The complaint indicated that Plaintiff is a Tennessee corporation, organized and incorporated under the laws of Tennessee, with its principal place of business in Tennessee. See id. at 10. Also, Defendants are citizens of North Carolina. See id. at 10–12. Acknowledging the same, Defendants attempted to remove this case to the United States District Court for the Western District of North Carolina, asserting the Court could exercise diversity jurisdiction over the matter. See Doc. No. 1 at 2. But the forum defendant rule explains that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.

§ 1441(b)(2). Plaintiff's counsel thus emailed Defendants' counsel, attaching documents on the forum defendant rule and stating: "I believe your Removal is improper. Please see attached. We would like to remain in State Court on this. We will seek to remand this matter. I assume you will consent? Please advise. If I missed something, please let me know." Doc. No. 11-1 at 2. Defendants' counsel replied, "I've taken a look at this and have concluded that you are correct. We therefore consent to remand." Id.

Now conceding that remand is appropriate, Defendants nevertheless assert that fees and costs should not be awarded to Plaintiff. By its terms, 28 U.S.C. § 1447(c) explains that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has clarified that, "[a]bsent unusual circumstances," such awards should be limited to "only where the removing party lack an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). To determine whether removal is objectively reasonable, courts examine "the clarity of the law at the time of removal" and whether the law "clearly foreclosed the defendant's basis for removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066 (9th Cir. 2008); see Lott v. Pfizer, Inc., 492 F.3d 789, 792 (7th Cir. 2007); accord Common Cause v. Lewis, 956 F.3d 246, 257 (4th Cir. 2020) (holding "the district court did not abuse its discretion in declining to award fees and costs" where defendants' removal basis was "weak" but not "patently frivolous").

Defendants now argue that their removal was objectively reasonable because there was a fortuitous path where it might have succeeded. To begin, while Plaintiff was free to seek remand under Section 1441(b)(2), the weight of authority has found that a failure to do so is procedural and not jurisdictional. See Doc. No. 10 at 10–11 (citing cases). So, if Plaintiff wished, it was free to "waive the forum defendant rule and keep the case in federal court." Id. at 12. Next, Defendants

2

assert that they reasonably believed that Plaintiff would have kept this case in federal court, as Plaintiff was already involved in a similar cause of action in federal court with "common questions of law and fact." Id. at 14. Thus, Defendants believed (and hoped) that Plaintiff would keep the case in federal court so the "cases could be consolidated to promote judicial efficiency." Id.

Several courts have held that removal based on diversity jurisdiction is objectively unreasonable when it is barred by the forum defendant rule. See Wolf v. Kennelly, 574 F.3d 406, 411 (7th Cir. 2009); Abadi v. Best Meridian Ins. Co., No. 14-CV-22798, 2015 WL 4999643, at *3 (S.D. Fla. Aug. 24, 2015) (collecting cases). The fortuitous chance that Defendants might subsequently waive the right to remand does not change this result. See Abadi, 2015 WL 4999643, at *3; TCF Nat. Bank v. W & A Bldg., LLC, No. 10-CV-3096, 2010 WL 4791454, at *2 (N.D. Ill. Nov. 17, 2010); Piper Jaffray & Co. v. Severini, 443 F. Supp. 2d 1016, 1023 (W.D. Wis. 2006).

Like other courts, this Court could "envision a scenario where a forum defendant has an objectively reasonable basis for seeking removal because, for example, it obtained a waiver (or at least a verbal agreement not to seek remand) prior to filing a notice of removal." Abadi, 2015 WL 4999643, at *3 (emphasis in original). Indeed, the facts highlighted by Defendants might support such an agreement between the litigants in this case. But Defendants did not even attempt to reach an agreement with Plaintiff. Rather, they filed a notice of removal, which was plainly barred by the forum defendant rule. Plaintiff's counsel responded by indicating he would seek remand— which is unsurprising, given that Plaintiff chose to file in state court in the first place. Of course, Defendants' counsel had to concede that remand was warranted. See Doc. No. 11-1 at 2. On these facts, the Court finds that Defendants' removal was contrary to the forum defendant rule and objectively unreasonable. Thus, an award of just costs is appropriate under Section 1447(c).

3

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions for Remand to State Court and for Recovery of Fees and Expenses, Doc. No. 7, is **GRANTED**, and this case is **REMANDED** to the Superior Court for Mecklenburg County, North Carolina. Plaintiff is **AWARDED** his costs and reasonable attorney fees related to the removal and remand of this case. If the parties cannot agree to an appropriate amount, Plaintiff must timely file a motion for costs and attorney fees in accordance with the Federal Rules of Civil Procedure and the Local Rules.

Signed: June 24, 2020

Max O. Cogburn Jr
United States District Judge